KELLY, Respondent; vs. SMITH and wife, Appellants.

*December 5 — December 22, 1888.*

*Equity: Cancellation of deed: Incapacity of grantor: Fraud: Inadequate consideration.*

A judgment setting aside a conveyance of land from the plaintiff to the defendants is affirmed, the evidence being *held* to sustain the findings of the trial court that the plaintiff was a woman about seventy-five years old and unable, by reason of ignorance and mental weakness, to make a sale of her land or to comprehend the effect of such a sale, and that the defendants, upon whose counsel and advice she was accustomed to depend, took advantage of her ignorance and weakness of mind to obtain such conveyance for a grossly inadequate consideration.

APPEAL from the Circuit Court for *Waukesha* County. Action for the cancellation of a conveyance of land. The facts are stated in the opinion.

*John M. Whitehead*, for the appellants.

For the respondent there was a brief by *Dunwiddie & Goldin*, attorneys, and *John Winans*, of counsel, and the

---

Kelly vs. Smith and wife.

---

cause was argued orally by *B. F. Dunwiddie* and *John Winans.*

ORTON, J.    The plaintiff, at the time of the trial, was about seventy-five years old.    She is the widow of James Kelly, deceased, who died where she now lives, in Rock county, about eighteen years ago.    She was born in Ireland, and married when about eighteen years of age, and had seven children, all of whom died there, together with her husband; and she then came to Canada, and there married the said James Kelly, and lived there about seven years, and then, with her husband, came to her present place of residence in Rock county, where the father of the defendant *Collin Smith* built for them a house on his own land, about three fourths of a mile from where she now lives. In a short time James purchased the twenty acres of land in question, and had it deeded to himself and the plaintiff, and the house they occupied on the land of Smith was by him moved on the same, and they occupied it together until James died as aforesaid.    Since then the plaintiff has lived in the same alone, and managed her small farm, mostly by renting it for cash and in shares at the rate of about $75 per year.    She seems to have been a woman of rather low natural capacity, and extremely ignorant and uncultivated.    She has resided where she now lives about thirty years, and is well known to all of her near neighbors, many of whom have at different times rendered her much assistance in the management of her business.    She has no relatives in this country, and had no children by her last husband.    Upon the death of her husband she became sole owner of the land and property, which had been her only means of support, and has occupied the house all the time since her husband's death, except about three years after his death.    The land was of the value of $800, and it is not known by others whether she has any money or means be-

yond this little farm and her household goods. On the question of her capacity or ability to do her own business and to sell her property, the findings of the circuit court are as follows:

" That the plaintiff is upwards of seventy-five years old, and is a person of great ignorance and mental weakness, being unable to read or write or count, and cannot tell the time of day by a time-piece, and does not know her age. That she is unable to count money of any kind, and, whenever she makes sales of such little produce as her land yields, has to depend entirely on others to compute the amount due her, and to tell her when she has received her full due, and to count the money with which she pays for such purchases as her necessities require. That she is entirely ignorant of all business forms and matters, and is unable to tell the name and comprehend the legal effect or character of any legal paper from hearing it read, and is wholly incompetent to do or understand any business transactions beyond the purchase of a few necessaries such as she is accustomed to buy, and to look after the sale and disposition of the produce of her little farm, and even in these matters she has to depend on the assistance and honesty of those with whom she deals, and is easily imposed upon and cheated. That she has always been accustomed to advise with her friends and neighbors, and especially with the defendants above named, about all her small matters, and to depend upon and act entirely upon their counsel and advice. That she is and was at the time of the execution of the conveyance hereinafter mentioned, by reason of her ignorance and mental weakness, incompetent to make a sale or disposition of her real estate, or to understand or comprehend the effect of any disposition thereof beyond the mere rental to which she had been accustomed."

It was further found, in substance, that the defendants, husband and wife, had long lived near the plaintiff, and

knew well her mental weakness, ignorance, and incapacity, and that the plaintiff had been accustomed to rely upon their advice and counsel, and they exercised a controlling influence upon her, and they were very friendly and confidential in their relations.

There was evidence to sustain these findings, although, upon the question of the plaintiff's incapacity and inability to do business for herself, there was considerable conflict of the evidence. In such case we would not be warranted in disturbing the findings of the court, and, although they were excepted to by the learned counsel of the appellants, we shall have to accept the facts so found as true, in disposing of the case.

It was further found that on the 12th day of June, 1885, the defendants, *Collin Smith* and *Carrie B. Smith*, his wife, procured a deed of the said premises to be executed to them; that the only consideration of said conveyance was an agreement on the part of the defendants to pay the plaintiff annually, during her life, on the 1st day of September of each year, commencing September 1, 1885, the sum of $65, and to furnish her fire-wood in sufficient quantity for her use during her life, amounting in all to not more than $75 per year, which was the value of the rental of said premises; that no provision whatever was made for the plaintiff in case of sickness or in case the $75 per year was not sufficient for her necessities, or for her burial after her death, or for any care or attention which the plaintiff might need by reason of her old age, sickness, or helplessness; that the plaintiff had no advice or counsel except that of the defendants; that the legal effect and character of the conveyance were not explained, understood, or known to her, or comprehended by her, and that she supposed and understood at the time, and until some time afterwards, that she was merely renting her premises to the defendants; that the defendants took advantage of the plaintiff's misunderstanding, ignorance, and weakness of mind to wrong-

fully obtain said conveyance, and they have not as yet performed their agreement or paid anything thereon, except to deliver a small quantity of wood, which the plaintiff refused to accept.

This is a suit in equity to have said conveyance declared fraudulent and void, and canceled, and such was the judgment from which this appeal is taken.

The learned counsel of the appellants contends that the findings are not supported by the evidence. We have already said that the findings in respect to the plaintiff's incompetency and want of ability to make the contract or conveyance are supported by evidence, and so we may say of all the other material findings. This is all there is of this case. The testimony of some of the plaintiff's neighbors supports the findings literally as to her ignorance, incapacity, and dependence. It would be useless to refer to the evidence in any other than in this general way. The case rests solely on questions of fact, and neither party has cited any authorities, and none are necessary in the case made by the findings of the court. The facts found make a very strong case for the relief asked. The incapacity of the plaintiff to make a disposition of her property, by mental weakness and dense ignorance, is intensified by her age. To her the consideration of this sale is grossly inadequate to provide for her future wants, through helplessness, sickness, and death, and the property is of sufficient value for such purposes. The defendants, according to the evidence, used undue influence to induce her to dispose of her property in this way, or did not make her understand the legal effect of the paper she signed. The advice of their brother, an attorney at law, to give the property back to her, ought to have been followed by the defendants.

*By the Court.*— The judgment of the circuit court is affirmed.